UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| In re: ) | |
| ) | |
| MATRIX INVESTMENT CORPORATION, ) | CHAPTER 7 |
| ) | |
|     Debtor. ) | CASE NO. 05-34746 (ASD) |
| ) | |
| HOUSTON CASUALTY COMPANY, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | ADV. PROC. NO. 06-3119 |
| ) | |
| MATRIX INVESTMENT CORPORATION, ) | |
| JENNIFER JOHNSON-OCTEAU, ) | |
| MARY JOHNSON, ) | |
| GARY THOMAS JOHNSON, and ) | |
| BONNIE C. MANGAN, Trustee, ) | |
| ) | |
|     Defendants. ) | DOC. I.D. NO. 36, 50 |

---

**MEMORANDUM OF DECISION
ON MOTIONS TO DISMISS**

**I. INTRODUCTION.**

Before the Court at this time are two motions to dismiss this adversary proceeding against Defendants Gary Thomas Johnson (hereafter, "Gary"), Mary Johnson (hereafter, "Mary") and Jennifer Johnson-Octeau (hereafter, "Jennifer") (collectively, "Defendants Johnson") pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (7), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] Defendant Gary filed his *Motion to Dismiss and Memorandum of Law* (Doc. I.D. No. 36) through counsel. Later Defendants Jennifer and Mary jointly filed a pro se *Motion to Dismiss* (Doc. I.D. 50) which adopted the "grounds" for dismissal raised in Defendant Gary's motion to dismiss.

## II. DISCUSSION.

The Defendants Johnson's defense under Fed. R. Civ. Pro. 12(b)(1) asserts a lack of subject matter jurisdiction over the Plaintiff's claims against them. This Court's subject matter jurisdiction is derived on reference from the United States District Court pursuant to 28 U.S.C. § 157(a) (2006). The District Court's jurisdiction is conferred by 28 U.S.C. § 1334(b) (2006), which states as follows:

> . . . [N]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to cases under title 11*.

(emphasis supplied). The parties agree that if this Court has subject matter jurisdiction over the claims against Defendants Johnson, it is derived through the District Court's "related to" jurisdiction.

In considering the scope of "related to" jurisdiction, the United States Supreme Court has largely endorsed the approach of the Third Circuit Court of Appeals in Pacor, Inc. v. Higgins (In re Pacor), 743 F.2d 984 (3d Cir.1984). See Celotex Corp. v. Edwards, 514 U.S. 300, 115 S.Ct. 1493 (1995). The Supreme Court agreed with Pacor's observation that although "'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate' . . . . a bankruptcy court's 'related to' jurisdiction cannot be limitless." Celotex, 115 S.Ct. at 1499 (quoting Pacor, 743 F.2d at 994). In its footnote 6, Celotex also quoted with seeming approval the following summary from Pacor:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . .* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts the handling and administration of the bankruptcy estate."

Celotex, 115 S.Ct. at 1499, n. 6 (emphasis in Pacor).

For purposes of context, this Court observes that the Plaintiff's claims against Matrix and its bankruptcy trustee, Ms. Mangan, *i.e.* Counts One through Four of the Plaintiff's Amended Complaint (hereafter, the "Matrix Claims") are sufficiently "related to" the underlying Matrix bankruptcy case to bestow subject matter jurisdiction upon this Court.[2] Namely, the rights of the Plaintiff to rescind, or otherwise exclude coverage under, the insurance policies it issued to Matrix (hereafter, the "Policies"), as alleged in Count One, are claims for relief with significant implications for the administration of the bankruptcy estate of Matrix. Determination of such rights in this Court will well serve the purposes of the Bankruptcy Code and Section 1334(b).

Nonetheless, the same cannot be said for the claims asserted by the Plaintiff against Defendants Johnson. Given the factual allegations of the Amended Complaint, it is quite possible that any one or more of the Defendants Johnson will be participants in the litigation of the Matrix Claims, *e.g.,* as witnesses. However, acknowledging this Court's power to compel testimony from Defendants Johnson in "related to" litigation in this Court against Matrix and/or its bankruptcy estate is a far cry from stating that this Court has jurisdiction over the independent claims stated in the Amended Complaint against Defendants

---

[2] Indeed, Ms. Mangan, as fiduciary of the Matrix estate, has not moved to dismiss this adversary proceeding against Matrix.

Johnson, *i.e.* Counts Five through Sixteen of the Amended Complaint (hereafter, the "Independent Claims").

First, this Court is not convinced that the Independent Claims seeking declaratory relief, *i.e.* Counts Five, Nine, and Thirteen, need be maintained against any of the Defendants Johnson to effect a rescission or other declaratory relief vis-à-vis the Policies. No allegation of the Plaintiff's 38-page Amended Complaint avers that any entity other than Matrix has ever been an owner of, or insured under, the Policies. Thus the Independent Claims do not enjoy, by association, any of the "related to" jurisdiction possessed by the Matrix Claims.

Second, the Independent Claims for which monetary relief is sought, *i.e.* Counts Six through Eight, Ten through Twelve, and Fourteen through Sixteen (hereafter, the "Damage Claims") are not presently "related to" the Matrix bankruptcy case. While Defendant Gary and other Johnson-related entities are no strangers to the Bankruptcy Court, there is no present jurisdictional basis for this Court to hear the Damage Claims. That is *not* to say the subject Counts do not state valid claims upon which relief can be granted. The Court need not answer that question as the Defendants Johnson have not moved for dismissal under Fed. R. Civ. P. 12(b)(6). Rather, all this Court is declaring with respect to the Independent Claims is that they are not, at this time, sufficiently "related to" the Matrix bankruptcy case to confer subject matter jurisdiction upon this Court on reference from the District Court.

Because the Court concludes that it lacks subject matter jurisdiction over all of the claims stated against Defendants Johnson in the Amended Complaint, it is unnecessary for the Court to consider whether dismissal is appropriate under Defendants Johnson's other theories under Fed. R. Civ. P. 12(b)(2) and (7).

## III. CONCLUSION.

For the foregoing reasons, separate orders shall enter this day dismissing Counts Five through Sixteen of the Plaintiff's Amended Complaint.

Dated: March 26, 2009                                                                 BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge